IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 16-mj-01183

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAVIER FERNANDO TORRES-FLORES,

      Defendant.

## ORDER OF DETENTION

      This matter was before the Court for detention hearing on December 21, 2016. Assistant United States Attorney Beth Gibson represented the government, and Abraham Hutt represented the Defendant. The Defendant did not contest detention.

      The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance at future court proceedings, based on the attached findings.

      IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

      DATED and ENTERED this 22nd day of December, 2016.

                                  By the Court:

                                  S/Michael E. Hegarty
                                  Michael E. Hegarty
                                  United States Magistrate Judge

United States v. Javier Fernando Torres-Flores
Case No. 16-mj-01183

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the statements of counsel, and the

pretrial services report.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Indictment in this case charges that Defendant with a violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), conspiracy to distribute heroin.  The rebuttable presumption of detention applies here.  The Court has not yet conducted a probable cause hearing, and therefore does not make a finding concerning probable cause.

Second, I find that Defendant presents a risk of nonappearance for future Court appearances, because (1) of the nature of the alleged instant offense; (2) BICE has lodged a detainer against the Defendant; (3) ABS records reflect that the Defendant was born in Honduras and is a citizen of that country; (4) NCIC records reflect an entry on February 11, 2015, which note the defendant is a deported criminal/aggravated felon, although it does not specify the date of the deportation; and (5) the Defendant has been convicted of two felonious charges of Burglary of Habitation.

As a result, after considering all of these factors, I conclude there is a preponderance of the evidence that no condition or combination of conditions for release will reasonably assure the Defendant's appearance for future Court proceedings, particularly given the presumption of detention here.