**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 1:17-cr-00010-RBJ-2

UNITED STATES OF AMERICA,

Plaintiff,

v.

2.   JAVIER FERNANDO TORRES-FLORES,

Defendant.
_____

**GOVERNMENT'S SENTENCING POSITION**
_____

The United States of America (the government), by and through Beth Gibson, Assistant United States Attorney for the District of Colorado, requests a sentence of 21 months followed by three years of supervised release.

A sentence of 21 months is the high-end of the advisory guideline range as correctly calculated by the United States Probation Office and as calculated in the parties' Plea Agreement.   A 21-month sentence of imprisonment is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

The defendant distributed heroin into the community.   Heroin kills its users, causes pain to the family and friends of its users, and destroys the fabric of a community.   The facts in this defendant's case are more aggravating than those in his codefendants' cases.   As such, his sentence should be higher.   As described in the stipulated facts, the defendant—rather than his codefendants—took the $1,200 from the undercover agent.   In addition, the defendant—rather than his codefendants—handed

balloons of heroin to the undercover agent.   In addition, the defendant's criminal history involves two residential burglaries.   *See* Doc. 97 at ¶¶ 35 and 36.   People should feel secure in their homes, without fear others will invade their space.   Again, the defendant was convicted as a result of not one—but two—burglaries.   When arrested, officers found two loaded handguns.   *See* Doc. 97 at ¶ 36.   The defendant was sentenced to serve two years and was then deported.

A two-year sentence did not deter the defendant from violating the law again. Indeed, he was deported at the end of the sentence and quickly violated the nation's immigration and criminal laws again.   The defendant knew his presence was unlawful. As a teenager, he benefitted from release from immigration custody to relatives and, although was afforded due process in immigration proceedings, opted to cease attending.   *See* Doc. 97 at ¶ 43.   Based on that process and his deportation, the defendant must have known he was not permitted to remain.   Nonetheless, he returned.   Then, while unlawfully present, he earned his living spreading heroin to addicts in the Denver area.   Although he reports that his mother was able to find work in Honduras, he did not remain there.     Instead, he came to the United States and distributed heroin.   He also used marijuana daily and routinely used cocaine.   *See* Doc. 96 at ¶ 54 and 55.   Interestingly, the defendant did not report any heroin use. Heroin dealers likely see how difficult running a heroin dealing business would be while under the addictive and powerful influence of heroin.

The United States Probation Office suggests a sentence at the low end of the guideline range.   In part, the recommendation notes that the defendant has a limited

criminal history.   However, this is the defendant's third felony conviction in the United

States, although he is only 21 years old and has not been continuously present.

Furthermore, part of his time in the United States was spent in jail as a result of his two

burglary convictions.   The USPO notes that his longest unbroken sentence of

imprisonment was two years.   This Court routinely sees people sentenced to mere

probation or sentences much less significant than two years in prison.   For that reason

and based on the nature of burglary, the government regards his criminal history as an

aggravating rather than mitigating factor.   In addition, as the USPO notes, while in the

United States, the defendant supported himself through criminal means.   Given the

nature of his burglary offenses, the nature of heroin, and of his recidivism in terms of

illegal reentry, a sentence at the high end seems necessary.   The special offense

characteristics in the guidelines do not account for his illegal reentry.   A sentence at the

high end would distinguish his case from one not involving illegal reentry and presence.

The government also requests three years of supervised release to provide

added deterrence and to further protect the public.   In particular, the government

requests a special condition of supervised release that, if he is removed, he not return

to the United States without permission.   The government also requests a condition

that, if he returns, no matter his status, he report to probation within 72 hours.   This

condition will further protect the public.   The added deterrence is necessary given his

past disregard for the nation's criminal and immigration laws.

Respectfully submitted on July 11, 2017.

ROBERT C. TROYER
Acting United States Attorney

3

By:      _s/Beth Gibson_
         BETH GIBSON
         Assistant United States Attorney
         U.S. Attorney's Office
         1801 California Street, Suite 1600
         Denver, CO 80202
         Telephone: 303-454-0200
         Fax:   303-454-0405
         E-mail:   Beth.Gibson@usdoj.gov
         Attorney for Government

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Abraham V. Hutt          abe@abehutt.com, leni@abehutt.com

John F. Sullivan , III          jfslaw1@aol.com

Robert William Pepin          Robert_Pepin@fd.org, COX_ECF@fd.org

Shira Deborah Kieval          shira_kieval@fd.org, clarita.costigan@fd.org, COX_ECF@fd.org

*s/Beth Gibson*
BETH GIBSON
Assistant United States Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail: Beth.Gibson@usdoj.gov

5