**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No.  1:17-cr-00010-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAVIER FERNANDO TORRES-FLORES,

    Defendant.

**DEFENSE SENTENCING MEMORANDUM**

    Javier Torres-Flores submits the following information to the court for consideration in determining the appropriate sentence:

    Javier Torres-Flores requests the Court to impose a non-guidelines sentence of six months imprisonment.  The primary reason for this request is the failure of the sentencing guidelines adequately to account for the exceptionally harsh choices he was forced to make as a juvenile which have resulted in his present circumstances.

    The presentence report summarizes the circumstances that Javier lived in as a child, which the prosecutor, defense counsel, the probation officer, and the Court would all find to be intolerable for ourselves, our children or even our acquaintances.  He lived in a mud home without running water and a widowed, uneducated mother attempting to raise four children while working in a market stall.  Unable to subsist on what she earned, her children had to attempt to get money in order to be able to eat. Within a year of his father's death when he was only 11 years old, Javier began to be aggressively and violently recruited by gangs.  After surviving this danger and squalor to the age of 16,

Javier, succumbed to the lure presented by the idea of life in the United States. It is laughable to describe as a "choice" what went on in the undeveloped brain of this undernourished 16 year old child when he tried to escape this degradation by fleeing to the United States. Even those of us who grew up here and raised children in extremely privileged circumstances know how incredibly unrealistic and unattainable most teenagers' views of what "the good life in America" is. Comparing that to what must have been in the head of a 16 year old in Honduras whose knowledge of the United States came from exposure to advertising, video games, movies, and television shows is nearly incomprehensible. That what lured him here was immeasurably more attractive than his own life cannot be a surprise to anyone.

It is, of course, hard enough even for many teenagers who grow up in the United States to avoid getting into criminal trouble. Javier, however, arrived here and was faced with how to provide for himself with no way to be able to work legally. As even his mere presence in the U.S. and acquisition of a "legal" job were criminal, it cannot be a surprise to anyone that he wound up committing crimes both in an effort to provide for himself and under the influence of the people he found himself surrounded by on the streets. He is now looking at paying an especially severe price not only for that, but for the State of Texas' treatment of all 17-year-olds as adults. Texas Family Code Section 51.02. Even the legislature of the State of Texas is now debating raising that age to 18. See, House Bill 122, introduced and debated in the 2017 legislative session, http://www.capitol.state.tx.us/BillLookup/Text.aspx?LegSess=85R&Bill=HB122.

Mr. Torres-Flores and his counsel understand and acknowledge that the United States Sentencing Guidelines presently provide for the use of "adult" criminal convictions

if they were classified as adult convictions by the state which obtained them. The defense, however, asserts that the both the rule and its application to Mr. Torres-Flores are inappropriate and the court should not apply it here.  This view is not merely that of defense counsel but is the subject of a proposed amendment to the Guidelines.  The United States Sentencing Commission has issued a notice concerning proposed amendments to the Guidelines and soliciting public comment upon them at https://federalregister.gov/d/2016-30493 and FDsys.gov, a copy of which is attached to this memorandum.  That notice synopsizes the proposed change to the present rule as follows:

> Specifically, the proposed amendment provides that a downward departure may be warranted if the defendant had an adult conviction for an offense committed prior to age eighteen counted in the criminal history score that would have been classified as a juvenile adjudication (and therefore not counted) if the laws of the jurisdiction in which the defendant was convicted did not categorically consider offenders below the age of eighteen years as 'adults.'

(Notice, p. 40)

There is abundant evidence and public policy analysis to support both the proposed change and a departure in this case.  An excellent discussion of the issue is contained in the Public Comment on the proposed rule change filed by the Federal Defender Sentencing Guidelines Committee, a copy of which is attached to this memorandum.  The two arguments made by that Committee which are persuasive here are in sections 1 (at p.21) and 4 (at p.28).  The first is that the Supreme Court continues to

broaden and strengthen its rulings that "children are constitutionally different from adults in their level of culpability." *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016). That is, "juveniles have diminished culpability." *Miller v. Alabama*, 132 S. Ct. 2455, 2464 (2012). The second is that excluding juvenile crimes from the criminal history calculation may help ameliorate the disparate impact of the criminal history rules on members of racial minorities.

Attached to this memorandum is a letter to the Court from Inez Pena who knows Mr. Torres-Flores well and also knows his mother. She writes eloquently about his experience in Honduras, his trek to the United States and her observations about his personality and response to being in jail. She reminds us that upon completion of his term of incarceration, Javier will be deported to a country where he is more than 20% more likely to be murdered and more than 38% more likely to be unemployed.

Mr. Torres-Flores and his counsel recognize that none of the above are arguments that excuse criminal behavior and do not offer the information as an excuse. They are offered as arguments that the sentence range suggested by the Guidelines does not meet the goals set forth in 18 U.S.C. 3553(a). A sentence of 6 months is sufficient, but not greater than necessary to accomplish those goals.

DATED at Denver, Colorado this  14th  day of July               , 2017     .

                                                                 s/ Abraham V Hutt  
                                                                 Recht Kornfeld  
                                                                 Abraham V Hutt  
                                                                 14137  
                                                                 1600 Stout Street, Suite 1400  
                                                                 Denver, Colorado   80202  
                                                                 (303) 573-1900

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing was served this  14th  day of July, 2017 by ECF upon:

Robert William Pepin     Robert_Pepin@fd.org, COX_ECF@fd.org

John F. Sullivan, III     jfslaw1@aol.com

Beth N. Gibson     Beth.Gibson@usdoj.gov, Amanda.Bell@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Shira Deborah Kieval     shira_kieval@fd.org, COX_ECF@fd.org, clarita.costigan@fd.org

s/ Leni Charles
Legal Assistant
