This document is scheduled to be published in the
Federal Register on 12/19/2016 and available online at
**https://federalregister.gov/d/2016-30493**, and on **FDsys.gov**

BAC 2210-40

**UNITED STATES SENTENCING COMMISSION**

**Sentencing Guidelines for United States Courts**

**AGENCY:**   United States Sentencing Commission

**ACTION:**   Notice of proposed amendments to sentencing guidelines, policy statements, and commentary. Request for public comment, including public comment regarding retroactive application of any of the proposed amendments. Notice of public hearing.

**SUMMARY:**   The United States Sentencing Commission is considering promulgating certain amendments to the sentencing guidelines, policy statements, and commentary. This notice sets forth the proposed amendments and, for each proposed amendment, a synopsis of the issues addressed by that amendment. This notice also sets forth a number of issues for comment, some of which are set forth together with the proposed amendments, and one of which (regarding retroactive application of proposed amendments) is set forth in the Supplementary Information portion of this notice.

**DATES:**   (1) Written Public Comment.―Written public comment regarding the proposed amendments and issues for comment set forth in this notice, including public comment regarding retroactive application of any of the proposed amendments, should be received by the Commission not later than **February 20, 2017**. Written reply comments, which may only respond to issues raised in the original comment period, should be received by the Commission on **March 10, 2017.** Public comment regarding a proposed amendment received after the close of the comment period, and reply comment received on issues not raised in the original comment period, may not be considered.

1

(2) Public Hearing.―The Commission may hold a public hearing regarding the proposed amendments and issues for comment set forth in this notice. Further information regarding any public hearing that may be scheduled, including requirements for testifying and providing written testimony, as well as the date, time, location, and scope of the hearing, will be provided by the Commission on its website at www.ussc.gov.

**ADDRESSES:**   All written comment should be sent to the Commission by electronic mail or regular mail. The email address for public comment is Public_Comment@ussc.gov. The regular mail address for public comment is United States Sentencing Commission, One Columbus Circle, N.E., Suite 2-500, Washington, D.C. 20002-8002, Attention: Public Affairs.

**FOR FURTHER INFORMATION CONTACT:**   Christine Leonard, Director, Office of Legislative and Public Affairs, (202) 502-4500, pubaffairs@ussc.gov.

**SUPPLEMENTARY INFORMATION:**   The United States Sentencing Commission is an independent agency in the judicial branch of the United States Government. The Commission promulgates sentencing guidelines and policy statements for federal courts pursuant to 28 U.S.C. § 994(a). The Commission also periodically reviews and revises previously promulgated guidelines pursuant to 28 U.S.C. § 994(o) and submits guideline amendments to the Congress not later than the first day of May each year pursuant to 28 U.S.C. § 994(p).

The proposed amendments in this notice are presented in one of two formats. First, some of the amendments are proposed as specific revisions to a guideline, policy statement, or commentary. Bracketed text within a proposed amendment indicates a heightened interest on the Commission's part in comment and suggestions regarding alternative policy choices; for example, a proposed enhancement of [2][4][6] levels indicates that the Commission is considering, and

invites comment on, alternative policy choices regarding the appropriate level of enhancement. Similarly, bracketed text within a specific offense characteristic or application note means that the Commission specifically invites comment on whether the proposed provision is appropriate. Second, the Commission has highlighted certain issues for comment and invites suggestions on how the Commission should respond to those issues.

The proposed amendments and issues for comment in this notice are as follows:

(1) a multi-part proposed amendment to Chapters Four (Criminal History and Criminal Livelihood) and Five (Determining the Sentence), including (A) setting forth options for a new Chapter Four guideline, at §4C1.1 (First Offenders), and amending §5C1.1 (Imposition of a Term of Imprisonment) to provide lower guideline ranges for "first offenders" generally and increase the availability of alternatives to incarceration for such offenders at the lower levels of the Sentencing Table, and related issues for comment; and (B) revisions to Chapter Five to (i) amend the Sentencing Table in Chapter Five, Part A to expand Zone B by consolidating Zones B and C, (ii) amend the Commentary to §5F1.2 (Home Detention) to revise language requiring electronic monitoring, and (iii) related issues for comment.

(2) a multi-part proposed amendment relating to the findings and recommendations contained in the May 2016 Report issued by the Commission's Tribal Issues Advisory Group, including (A) amending the Commentary to §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)) to set forth a non-exhaustive list of factors for the court to consider in determining whether, or to what extent, an upward departure based on a tribal court conviction is appropriate, and related issues for comment; and (B) amending the Commentary to §1B1.1 (Application Instructions) to provide a definition of "court protection order," and related

issues for comment;

(3) a proposed amendment to §4A1.2 (Definitions and Instructions for Computing Criminal History) to revise how juvenile sentences are considered for purposes of calculating criminal history points, and to the Commentary to §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)) to account for cases in which a defendant had an adult conviction for an offense committed prior to age eighteen counted in the criminal history score that would have been classified as a juvenile adjudication (and therefore not counted) if the laws of the jurisdiction in which the defendant was convicted did not categorically consider offenders below the age of eighteen years as "adults;" and related issues for comment;

(4) a multi-part proposed amendment to Chapter Four, Part A (Criminal History), including (A) amending §4A1.2 (Definitions and Instructions for Computing Criminal History) to revise how revocations of probation, parole, supervised release, special parole, or mandatory release are considered for purposes of calculating criminal history points, and related issues for comment; and (B) amending the Commentary to §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)) to account for cases in which the period of imprisonment actually served by the defendant was substantially less than the length of the sentence imposed for a conviction counted in the criminal history score, and a related issue for comment;

(5) a multi-part proposed amendment to respond to the Bipartisan Budget Act of 2015, Pub. L. 114–74 (Nov. 2, 2015), including (A) revisions to Appendix A (Statutory Index), and a related issue for comment; and (B) amending §2B1.1 (Theft, Property Destruction, and Fraud) to address new increased penalties for certain persons who commit fraud offenses under certain

Social Security programs, and related issues for comment;

(6) a proposed amendment to the Commentary to §3E1.1 (Acceptance of Responsibility) to revise how the defendant's challenge of relevant conduct should be considered in determining whether the defendant has accepted responsibility for purposes of the guideline, and a related issue for comment;

(7) a multi-part proposed amendment to the Guidelines Manual to respond to recently enacted legislation and miscellaneous guideline issues, including (A) amending §2B5.3 (Criminal Infringement of Copyright or Trademark) to respond to changes made by the Transnational Drug Trafficking Act of 2015, Pub. L. 114–154 (May 16, 2016); (B) amending §2A3.5 (Failure to Register as a Sex Offender), §2A3.6 (Aggravated Offenses Relating to Registration as a Sex Offender), and Appendix A (Statutory Index) to respond to changes made by the International Megan's Law to Prevent Child Exploitation and Other Sexual Crimes Through Advanced Notification of Traveling Sex Offenders Act, Pub. L. 114–119 (Feb. 8, 2016); (C) revisions to Appendix A (Statutory Index) to respond to a new offense established by the Frank R. Lautenberg Chemical Safety for the 21st Century Act, Pub. L. 114–182 (June 22, 2016); and (D) a technical amendment to §2G1.3 (Promoting a Commercial Sex Act or Prohibited Sexual Conduct with a Minor; Transportation of Minors to Engage in a Commercial Sex Act or Prohibited Sexual Conduct; Travel to Engage in Commercial Sex Act or Prohibited Sexual Conduct with a Minor; Sex Trafficking of Children; Use of Interstate Facilities to Transport Information about a Minor);

(8) a proposed amendment to make technical changes to §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) to replace the term "marihuana equivalency" used in the

Drug Equivalency Tables when determining penalties for controlled substances;

(9) a proposed amendment to make various technical changes to the Guidelines Manual, including (A) an explanatory note in Chapter One, Part A, Subpart 1(4)(b)(Departures) and clarifying changes to the Commentary to §2B1.1 (Theft, Property Destruction, and Fraud); (B) technical changes to §4A1.2 (Definitions and Instructions for Computing Criminal History) and to the Commentary of other guidelines to correct title references to §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)); and (C) clerical changes to §2D1.11 (Unlawful Distributing, Importing, Exporting or Possessing a Listed Chemical; Attempt or Conspiracy), §5D1.3 (Conditions of Supervised Release), Appendix A (Statutory Index), and to the Commentary of other guidelines;

The Commission requests public comment regarding whether, pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), any proposed amendment published in this notice should be included in subsection (d) of §1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)) as an amendment that may be applied retroactively to previously sentenced defendants. The Commission lists in §1B1.10(d) the specific guideline amendments that the court may apply retroactively under 18 U.S.C. § 3582(c)(2). The background commentary to §1B1.10 lists the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under §1B1.10(b) as among the factors the Commission considers in selecting the amendments included in §1B1.10(d). To the extent practicable, public comment should address each of these factors.

Publication of a proposed amendment requires the affirmative vote of at least three voting members of the Commission and is deemed to be a request for public comment on the proposed amendment. <u>See</u> Rules 2.2 and 4.4 of the Commission's Rules of Practice and Procedure. In contrast, the affirmative vote of at least four voting members is required to promulgate an amendment and submit it to Congress. <u>See</u> Rule 2.2; 28 U.S.C. § 994(p).

Additional information pertaining to the proposed amendments and issues for comment described in this notice may be accessed through the Commission's website at www.ussc.gov.

**AUTHORITY:**   28 U.S.C. 994(a), (o), (p), (x); USSC Rules of Practice and Procedure 4.3, 4.4.

Patti B. Saris,

Chair