by 2 levels."), §2J1.1 (Contempt), and §3C1.1 (Obstructing or Impeding the Administration of Justice)?

Alternatively, should the Commission identify and amend particular offense guidelines in Chapter Two to include the violation of a court protection order as a specific offense characteristic? If so, which guidelines should be amended to include such a new specific offense characteristic? For example, should the Commission include such a new specific offense characteristic in the guidelines related to offenses against the person, sexual offenses, and offenses that create a risk of injury? Should the Commission include such a new specific offense characteristic in offenses that caused a financial harm, such as identity theft?

3.     **Youthful Offenders**

**Synopsis of Proposed Amendment:** This proposed amendment is a result of the Commission's study of the treatment of youthful offenders under the Guidelines Manual. See United States Sentencing Commission, "Notice of Final Priorities," 81 FR 5280004 (Aug. 24, 2016). This policy priority stemmed from recommendations about the treatment of youthful offenders contained in the May 2016 Report issued by the Commission's Tribal Issues Advisory Group. See Report of the Tribal Issues Advisory Group (May 16, 2016), at http://www.ussc.gov/research/research-publications/report-tribal-issues-advisory-group.

Pursuant to Chapter Four, Part A (Criminal History), sentences for offenses committed prior to age eighteen are considered in the calculation of the defendant's criminal history score. The guidelines distinguish between an "adult sentence" in which the defendant committed the offense before age eighteen and was convicted as an adult, and a "juvenile sentence" resulting from a juvenile adjudication.

Under §4A1.2 (Definitions and Instructions for Computing Criminal History), if the defendant was convicted as an adult for an offense committed before age eighteen and received a sentence exceeding one year and one month, the sentence is counted so long as it was imposed, or resulted in the defendant being incarcerated, within fifteen years of the defendant's commencement of the instant offense. See USSG §4A1.2(d), (e). All other sentences for offenses committed prior to age eighteen are counted only if the sentence was imposed, or resulted in the defendant being incarcerated, within five years of the defendant's commencement of the instant offense. See USSG §4A1.2(d). The Commentary to §4A1.2 provides that, to avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a "juvenile," the rules set forth in §4A1.2(d) apply to all offenses committed prior to age eighteen.

Juvenile adjudications are addressed in two other places in the guidelines. First, §4A1.2(c)(2) provides a list of certain offenses that are "never counted" for purposes of the criminal history score, including "juvenile status offenses and truancy." Second, §4A1.2(f) provides that adult diversionary dispositions resulting from a finding or guilt, or a nolo contendere, are counted even if a conviction is not formally entered. However, the same provision further provides that

"diversion from juvenile court is not counted."

The proposed amendment amends §4A1.2(d) to exclude juvenile sentences from being considered in the calculation of the defendant's criminal history score. The proposed amendment also amends the Commentary to §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)) to provide an example of an instance in which a downward departure from the defendant's criminal history may be warranted. Specifically, the proposed amendment provides that a downward departure may be warranted if the defendant had an adult conviction for an offense committed prior to age eighteen counted in the criminal history score that would have been classified as a juvenile adjudication (and therefore not counted) if the laws of the jurisdiction in which the defendant was convicted did not categorically consider offenders below the age of eighteen years as "adults."

Issues for comment are provided.

**Proposed Amendment:**

The Commentary to §4A1.1 captioned "Application Notes" is amended in Note 2 by striking "An adult or juvenile sentence" and inserting "An adult sentence"; and in Note 3 by striking "An adult or juvenile sentence" and inserting "An adult sentence".

Section 4A1.2 is amended—

[in subsection (c)(2) by striking "Juvenile status offenses and truancy";]

in subsection (d) by striking "or juvenile" both places such term appears in paragraph (2), and by inserting at the end the following new paragraph (3):

"     (3)     Sentences resulting from juvenile adjudications are not counted.";

[and in subsection (f) by striking: ", except that diversion from juvenile court is not counted"].

The Commentary to §4A1.2 captioned "Application Notes" is amended in Note 7 by striking the following:

"Section 4A1.2(d) covers offenses committed prior to age eighteen. Attempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records. Therefore, for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted. To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a 'juvenile,' this provision applies to all offenses committed prior to age eighteen.",

and inserting the following:

"Section 4A1.2(d) applies only when the defendant was convicted as an adult for an offense committed prior to age eighteen. This provision also sets forth the time period within which such prior adult sentences are counted.".

The Commentary to §4A1.3 captioned "Application Notes" is amended in Note 3 by striking the following:

"       <u>Downward Departures</u>.—A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. A departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited under subsection (b)(2)(B), due to the fact that the lower limit of the guideline range for Criminal History Category I is set for a first offender with the lowest risk of recidivism.",

and inserting the following:

"       <u>Downward Departures</u>.—

       (A)    <u>Examples</u>.—A downward departure from the defendant's criminal history category

42

may be warranted based on any of the following circumstances:

  (i)  The defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.

  (ii)  The defendant had an adult conviction for an offense committed prior to age eighteen counted in the criminal history score that would have been classified as a juvenile adjudication (and therefore not counted) if the laws of the jurisdiction in which the defendant was convicted did not categorically consider offenders below the age of eighteen years as 'adults.'

(B) <u>Downward Departures from Criminal History Category I</u>.—A departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited under subsection (b)(2)(A), due to the fact that the lower limit of the guideline range for Criminal History Category I is set for a first offender with the lowest risk of recidivism.".

**Issues for Comment:**

1. The Commission seeks comment on whether the Commission should consider changing how the guidelines account for juvenile sentences for purposes of determining the

43

      defendant's criminal history pursuant to Chapter Four, Part A (Criminal History). Should the Commission amend the guidelines to provide that sentences resulting from juvenile adjudications shall not be counted in the criminal history score? Alternatively, should the Commission amend the guidelines to count juvenile sentences only if the offense involved violence or was an otherwise serious offense? Should the Commission provide instead that sentences for offenses committed prior to age eighteen are not to be counted in the criminal history score, regardless of whether the sentence was classified as a "juvenile" or "adult" sentence?

2.     If the Commission were to promulgate the proposed amendment, should the Commission provide that juvenile sentences may be considered for purposes of an upward departure under §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement))? If so, should the Commission limit the consideration of such departures to certain offenses? For example, should the Commission provide that an upward departure under §4A1.3 may be warranted if the juvenile sentence was imposed for an offense involving violence or that was an otherwise serious offense?

3.     The proposed amendment would provide that a departure may be warranted in cases in which the defendant had an adult conviction for an offense committed prior to age eighteen counted in the criminal history score that would have been classified as a juvenile adjudication (and therefore not counted) if the laws of the jurisdiction in which the defendant was convicted did not categorically consider offenders below the age of eighteen

44

years as "adults." Should the Commission provide that a downward departure may be warranted for such cases? How would courts determine that the defendant would have received a juvenile adjudication if the laws of the jurisdiction in which the defendant was convicted did not categorically consider offenders below the age of eighteen years as "adults"? Should the Commission provide specific examples or guidance for determining whether a downward departure is warranted in such cases? If so, what guidance or examples should the Commission provide? Should the Commission use a different approach to address these cases and, if so, what should that approach be? Are there other circumstances that the Commission should identify as an appropriate basis for a downward departure?

4.   **Criminal History Issues**

**Synopsis of Proposed Amendment:** This proposed amendment is a result of the Commission's work in examining Chapter Four, Part A (Criminal History) "to (A) study the treatment of revocation sentences under §4A1.2(k), and (B) consider a possible amendment of §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)) to account for instances in which the time actually served was substantially less than the length of the sentence imposed for a conviction counted under the Guidelines Manual." See United States Sentencing Commission, "Notice of Final Priorities," 81 FR 58004 (Aug. 24, 2016).

(A)   Treatment of Revocation Sentences Under §4A1.2(k)

45