CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. JAVIER FERNANDO TORRES-FLORES             DKT. NO. 1:17CR00010-2

### PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Ashlie C. Diener, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Javier Fernando Torres-Flores, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on June 18, 2017. The defendant was sentenced to 21 months' imprisonment and 3 years' supervised release for an offense of Distribution and Possession with Intent to Distribute Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Supervision commenced on June 22, 2018, and is set to expire on June 21, 2021. As noted in the judgment [Document 102], the Court ordered mandatory, special and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1. FAILURE TO COMPLY WITH THE SPECIAL CONDITION NOT TO RE-ENTER THE UNITED STATES ILLEGALLY**

On or about February 3, 2020, the defendant illegally re-entered the United States, which constitutes a Grade C violation of supervised release.

On or about July 5, 2018, the defendant was deported to Honduras by the Bureau of Immigration and Customs Enforcement (BICE).

On or about February 3, 2020, the defendant was found and arrested on new charges, in the City and County of Denver, within the District of Colorado, without having the express consent of the Attorney General and/or any statutorily authorized official for re-application for admission to the United States, after previously having been excluded, deported, and removed from the United States.

## 2. VIOLATION OF LAW

On February 3, 2020, the defendant committed Interference, in violation of Denver Municipal Code 38-31.  This is an unclassified misdemeanor, which constitutes a Grade C violation of supervised release.

On February 3, 2020, the defendant was arrested by officers of the Denver Police Department and charged with Interference, Denver General Sessions Court, Case No. 20GS001321. He was arraigned on February 3, 2020, and he was authorized to post a personal recognizance bond. The defendant posted a bond at approximately 1:23 p.m. He is set to appear for a disposition hearing on February 13, 2020.

## 3. VIOLATION OF LAW

On February 3, 2020, the defendant committed False Information, in violation of Denver Municipal Code 38-40.  This is an unclassified misdemeanor, which constitutes a Grade C violation of supervised release.

On February 3, 2020, the defendant was arrested by officers of the Denver Police Department and charged with False Information, in Denver General Sessions Court, Case No. 20GS001321. He was arraigned on February 3, 2020 and was authorized to post a personal recognizance bond. The defendant posted bond at approximately 1:23 p.m. He is set to appear for a disposition hearing on February 13, 2020.

## 4. FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER

On February 3, 2020, the defendant was arrested by officers of the Denver Police Department and failed to report the arrest to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

On February 3, 2020, the defendant was arrested by officers of the Denver Police Department and charged with Interference and False Information in Denver General Sessions Court, Case No. 20GS001321. On February 3, 2020, the defendant was authorized to post a personal recognizance bond. The defendant posted bond at approximately 1:23 p.m. and failed to report the arrest by law enforcement to the probation officer within 72 hours.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential risk of flight and danger presented by the defendant. The defendant illegally re-entered the United States upon deportation and was arrested for new criminal charges. He was permitted to post a bond and failed to report to the Probation Office upon release. He has a history of drug distribution and burglarizing homes. Further, the defendant has not reported for supervision and his current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Ashlie C. Diener*
　Ashlie C. Diener
　United States Probation Officer
　Place:　Denver
　Date:　February 12, 2020

*s/Edgar T. Ruiz*
　Edgar T. Ruiz
　Supervisory United States Probation Officer
　Place:　Denver
　Date:　February 12, 2020

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is 4 to 10 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting both a risk of flight and danger to the community. The defendant is a flight risk based on the fact he is a citizen of another country who was deported and recently re-entered the United States without permission. He failed to report for supervision after bonding on new criminal charges and has a history of burglarizing houses and dealing drugs. Additionally, he presents a risk of nonappearance based upon his willful choice to abscond from supervision.

Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.