CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. JAVIER FERNANDO TORRES-FLORES            DKT. NO. 1:17CR00010-2

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Ashlie C. Diener, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Javier Fernando Torres-Flores, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on June 18, 2017. The defendant was sentenced to 21 months' imprisonment and 3 years' supervised release for an offense of Distribution and Possession with Intent to Distribute Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Supervision commenced on June 22, 2018, and was set to expire on June 21, 2021. As noted in the judgment [Document 102], the Court ordered mandatory, special and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **VIOLATION OF LAW**

On or about February 3, 2020, the defendant committed Illegal Re-entry after Removal Subsequent to an Aggravated Felony Conviction, in violation of 8 U.S.C. § 1326(a), (b)(2). This constitutes a Grade B violation of supervised release.

On or about February 3, 2020, in the State and District of Colorado, the defendant was found in the United States after having been denied admission, excluded, deported, and removed from the United States on or about July 5, 2018, and without the express consent of the proper legal authority to reapply for admission to the United States. On August 17, 2022, the defendant was indicted in the United States District Court, District of Colorado, for Illegal Re-Entry of Removed Alien Subsequent to a Felony Conviction in violation of 8 U.S.C. § 1326(a) and (b)(1), Docket Number 22-cr-00264-PAB-1.

2. **FAILURE TO COMPLY WITH THE SPECIAL CONDITION NOT TO RE-ENTER THE UNITED STATES ILLEGALLY**

On or about February 3, 2020, the defendant illegally re-entered the United States, which constitutes a Grade C violation of supervised release.

Case 1:17-cr-00010-RBJ   Document 124   Filed 09/21/22   USDC Colorado   Page 2 of 3

| | | |
|---|---|---|
| Javier Fernando Torres-Flores<br>17-cr-00010-2 | Superseding Petition Due to Violations of Supervision<br>Page 2 | September 19, 2022 |

On or about July 5, 2018, the defendant was deported to Honduras by the Bureau of Immigration and Customs Enforcement (BICE).

On February 3, 2020, the defendant was found and arrested on new criminal charges in the City and County of Denver. He was found within the District of Colorado, without having the express consent of the Attorney General and/or any statutorily authorized official for reapplication for admission to the United States, after previously having been excluded, deported, and removed from the United States.

### 3. FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER

On February 3, 2020, the defendant was arrested by officers of the Denver Police Department and failed to report the arrest to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

On February 3, 2020, the defendant was arrested by officers of the Denver Police Department and charged with Interference and False Information in Denver General Sessions Court, Case No. 20GS001321. On February 3, 2020, the defendant was authorized to post a personal recognizance bond. He posted bond and failed to report the arrest by law enforcement to the probation officer within 72 hours. The defendant failed to appear for his next court date in Denver on February 13, 2020, a warrant was issued for his arrest. The defendant was arrested on June 7, 2022, for the federal supervision release violation warrant issued by this Court.

### RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 106] and that the Court consider revocation of supervision based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

**/s/Ashlie C. Diener**
  Ashlie C. Diener
  United States Probation Officer
  Place:   Denver
  Date:    September 20, 2022

**/s/Amber B. Dunn**
  Amber B. Dunn
  Assistant Deputy Chief U.S. Probation Officer
  Place:   Denver
  Date:    September 20, 2022

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation. The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is 6-12 months.