IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00010-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAVIER FERNANDO TORRES-FLORES,

    Defendant.

_____

## SENTENCING STATEMENT
_____

    The United States of America respectfully files this Sentencing Statement in anticipation of the defendant's admission at the final revocation hearing on February 28, 2023. At sentencing, the government recommends four months' imprisonment consecutive to his recently imposed sentence in District of Colorado Case No. 22-cr-00264-PAB.

    The defendant commenced three years of supervised release on June 22, 2018. ECF 124. On February 12, 2020, probation filed a petition for a warrant [ECF 106] before the expiration of his term. The defendant was thereafter indicted for an illegal reentry charge, § 1326, in District of Colorado Case No. 22-cr-00264-PAB and arrested on both cases on June 6, 2022. Per his plea agreement in that companion case at ECF 23, the defendant agreed to admit to one Grade C violation here, and the government agreed to withdraw any remaining allegations. *See* ECF 124 (presumably, the defendant will admit

1

to allegation two or three, both Grace C violations here). On February 24, 2023, Chief Judge Brimmer sentenced the defendant to 21 months' imprisonment and three years of supervised release in the companion case.

In sentencing in the instant case, the defendant's criminal history category is II. ECF 125, p. 3. Upon an admission to a Grade C violation, the defendant's advisory guideline range is four to 10 months' pursuant to USSG § 7B1.4(a). In compliance with the plea agreement, the government recommends four months' consecutive imprisonment.[1]

The government's recommendation, if imposed, is a substantive and necessary sanction. It serves to both punish the defendant for breaching the Court's trust by violating his supervised release and also further emphasize the continuing importance of not reentering the county in the future. *See* 18 U.S.C. §§ 3553(a)(2)(B) and (a)(5) (policy statement at Chapter 7, Pt. A, 3: sentence imposed intended to sanction for failing to abide by conditions); *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005). The sentence imposed here should not be construed as punishing the same conduct as in District of Colorado Case No. 22-cr-00264-PAB—the defendant's reentry into the United States. Rather, the sentence here punishes the defendant's violation of supervision for controlled substance distribution, and a consecutive sentence is necessary to reflect this independent basis. *See* USSG § 7B1.3(f).

---

1   Given that supervised release was imposed in the companion case, the government does not recommend any further term here.

## **CONCLUSION**

The government respectfully requests that the Court impose four months' imprisonment consecutive to District of Colorado Case No. 22-cr-00264-PAB.

DATED this 27th day of February, 2023.

    COLE FINEGAN
    United States Attorney


    s/ Albert Buchman
    ALBERT BUCHMAN
    Assistant United States Attorney
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    Telecopier: (303) 454-0403
    E-mail: Al.buchman@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                s/ *Lauren Timm*
                Legal Assistant
                United States Attorney's Office