IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 17-CR-00010-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAVIER FERNANDO TORRES-FLORES

        Defendant.

## DEFENDANT'S SENTENCING STATEMENT

Defendant, Javier Fernando Torres-Flores, by and through his attorneys, Matthew K. Barringer, Shawn Hillewaert, and the Barringer Law Firm, respectfully present to the Court Defendant's Sentencing Statement in anticipation of his admission at the final revocation hearing set for March 9, 2023. At sentencing, Mr. Torres-Flores requests the Court consider accepting the government's recommendation of four months' imprisonment. However, Mr. Torres-Flores will ask this Court to run the term of imprisonment concurrently with his recently imposed sentence in District of Colorado Case No. 22-cr-00264-PAB.

On June 22, 2018, Mr. Torres-Flores began three years of supervised release. (ECF Doc. 124). Probation filed a petition for warrant on February 12, 2020, prior to fully satisfying the terms of his supervised release. (ECF Doc. 106). On June 6, 2022, Mr. Torres-Flores was arrested for this case and District of Colorado Case No. 22-cr-00264-PAB ( the "Companion Case"), following his indictment for an illegal entry charge under 8 U.S.C. 1326. On November 28, 2022, Mr.

Torres-Flores pleaded guilty to Illegal Re-entry After Removal Subsequent to Aggravated Felony Conviction pursuant to his plea agreement in that companion case.

Mr. Torres Flores was sentenced in the Companion Case on February 24, 2023, to 21 months' imprisonment and three years' supervised release. In the instant case, at the final revocation hearing, Mr. Torres-Flores will admit to allegation two or three, both Grade C violations, pursuant to the aforementioned plea agreement. In exchange for Mr. Torres-Flores' admission, the government has agreed to withdraw any remaining allegations in this case, and to recommend four months' consecutive imprisonment. Mr. Torres-Flores and his counsel respectfully request this Court run the sentence in this instant case concurrent with the sentence imposed in the Companion Case.

Pursuant to Title 18 U.S.C. § 3584(a), if a defendant is serving a term of imprisonment at the time of sentencing in another case, the court may run the terms concurrently. In determining whether to impose concurrent terms, the court must consider the factors outlined in § 3553(a), which include Mr. Torres-Flores' "history and characteristics". In addition, the Court must, among other factors, consider the "need for the sentence imposed. . .to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

Mr. Torres-Flores' personal history is one filled with experiences which are unthinkable to most of those born in the United States. He, and three siblings, were raised by a widowed, uneducated mother, living in a mud home with no running water. Mr. Torres-Flores' mother

worked in a market stall but was unable to earn sufficient income for a family of five to live on. As a result, Mr. Torres-Flores and his siblings made attempts to acquire enough money just to be able to eat. Area gangs began recruiting Mr. Torres-Flores when he was merely 11 years old. When Mr. Torres-Flores was 16 years old, following years of daily struggles, he made the journey to the United States, seeking a safer, better life.

Upon his initial arrival to the U.S., Mr. Torres-Flores, unable to acquire legal employment and living on the streets, became involved in criminal activity in order to provide for himself. To this day, Mr. Torres-Flores is paying a hefty price for his involvement in criminal activity, including terms of imprisonment for this matter and the Companion Case, and two felony convictions in Texas which were comprised of two separate but identical felonies on the same date of offense when Mr. Torres-Flores was 17 years old. That said, Mr. Torres-Flores has accepted responsibility, despite his difficult adolescent years, for all of his transgressions.

In the instant case, Mr. Torres-Flores was ordered not to reenter the U.S. illegally as part of his conditions of release. Mr. Torres-Flores intended to comply with that condition but was presented with the prospect of violence and death in his home country of Honduras, and in the area to which he then fled in Sonora, Mexico. Specifically, Mr. Torres-Flores learned that the Honduran gangs were threatening him and his mother by leaving a severed human head and body outside his mother's home. Mr. Torres-Flores believed his only two options were facing death in Honduras or Mexico, or to return to the United States, a safer option despite the current legal repercussions.

While returning to his hometown in Honduras will likely never be a safe option, Mr. Torres-Flores and his girlfriend, Alexis Alvarado, have developed a plan they believe would allow

Mr. Torres-Flores, upon his release and deportation, to remain outside of the United States safely. (*See* **Exhibits B and H**).  The plan involves residing in Ciudad Juarez, Chiihuahua, Mexico, with Alexis' family, where the two believe they will be safe from the dangers faced in Honduras.

Additionally, for the Court's consideration in assessing whether or not to run Mr. Torres-Flores' terms concurrently, some of Mr. Torres-Flores' friends and family have provided letters for the Court's review[1]:

1. Letter from Macy Annabel Torres-Flores, Mr. Torres-Flores' mother (**Exhibit A**);

2. Letter from Alexis Alvarado, Mr. Torres-Flores' girlfriend (**Exhibit B**);

3. Letter from Isidro Serrano, Mr. Torres-Flores' employer in Denver (**Exhibit C**);

4. Letter from Vilma Suyapa Hernandez Torres, Mr. Torres-Flores' former teacher in Honduras (**Exhibit D**);

5. Letter from Yeimi Velasquez, Mr. Torres-Flores' childhood friend (**Exhibit E**);

6. Letter from Edwin Roberto Banegas Lopez, Mr. Torres-Flores' childhood friend (**Exhibit F**);

7. Letter from Mario Alonso Luque Vasquez, Parish Priest in Mr. Torres-Flores' hometown (**Exhibit G**);

8. Letter from Christian Torres, Mr. Torres-Flores' brother (**Exhibit H**);

9. Letter from Olivia Martinez, Mr. Torres-Flores' girlfriend's aunt (**Exhibit I**).

An informal translation of those letters presented in Spanish is attached as **Exhibit J**[2]

---

[1] These same letters and background information was presented in the Companion Case, ECF 35.
[2] These letters were translated by Mr. Torres-Flores' girlfriend for the Court's and counsel's convenience and are not intended to be considered certified or otherwise official translations.

## CONCLUSION

Mr. Torres-Flores respectfully requests the Court impose four months' imprisonment concurrent to District of Colorado Case No. 22-cr-00264-PAB.

Dated: March 8, 2023.

                                Respectfully Submitted,

                                */s/ Shawn Hillewaert*
                                5660 Greenwood Plaza Blvd., Ste 445
                                Greenwood Village, Colorado 80111
                                Telephone: (303) 377-2338
                                Email: shawn@barringerlawfirm.com
                                Attorney for Defendant

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on March 8, 2023, I electronically filed the foregoing *Defendant's Sentencing Statement* with the clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

**Beth N. Gibson**
Federal Agency Attorney
United States Attorney's Office | District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
Phone:  (303) 454-0406
Email:   Beth.Gibson@usdoj.gov

**Albert C. Buchman**
Federal Agency Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Phone:  (303) 454-0228
Email:   Al.buchman@usdoj.gov